```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-33-RJC-DCK
```

| | |
|---|---|
| **GLENN E. WATKINS,** and **NICOLE S. CRAYTON,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) **ORDER** ) |
| **CLERK OF THE SUPERIOR COURT FOR GASTON COUNTY, REBECCA RUDISILL, STEVEN YOUNG, ADVANTAGE REALTY & MANAGEMENT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NVR MORTGAGE, VICTORIA SPROUSE, COUNTRY WIDE MORTGAGE, BANK OF AMERICA, N.A., BAC HOME LOAN SERVICING, L.P., RONALD ODEYEMI, FREDDIE MAC, GASTON COUNTY SHERIFF DEPARTMENT AND UNKNOWN OFFICERS THEREOF, THE LAW FIRM OF BROCK AND SCOTT, P.A., and THE NORTH CAROLINA TRUSTEE SERVICE, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the filing of Defendants' Motions To Dismiss (Document Nos. 20, 23, and 27) and case scheduling.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiffs, who are proceeding *pro se*, that they have a right to respond to Defendants' motions. The Court also advises Plaintiffs that failure to respond may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.

The undersigned further notes that several filings sent to Plaintiffs have been returned as "not deliverable as addressed." See (Document Nos. 11, 12, 16, and 31). Plaintiffs' address on the docket sheet, and as used in subsequent mailings, 3203 Bur Oak Drive, Gastonia, N.C. 28056, is consistent with the address provided by Plaintiffs in their Complaint. (Document No. 1, pp.2-3).

Plaintiffs are responsible for keeping the Court apprised of their contact information: "[a] pro se party whose e-mail address, mailing address, telephone or fax number has changed shall notify the Clerk of a change of address and serve a copy of the notice on all other parties." U. S. District Court for the Western District of North Carolina, "Administrative Procedures...", Section (I)(D)(4), (W.D.N.C. Dec. 1, 2009); see also, Narog v. Federal Nat. Mortg. Ass'n, 3:11-CV-429-RJC-DCK, 2012 WL 137401 (W.D.N.C. Jan. 18, 2012). This Court's expectation has also been clearly set forth in another recent decision:

> This litigation cannot proceed if Plaintiff does not keep the Court and Defendant informed of his current address. Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:
>
> > If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Brooks v. Donahue, 3:11-cv-50-RJC, 2012 WL 831919 at *1-2 (W.D.N.C. Mar. 12, 2012)

**IT IS THEREFORE ORDERED** that Plaintiffs shall file responses to the pending Motions To Dismiss (Document Nos. 20, 23, and 27), or file a request for additional time to do so, on or

before **April 20, 2012**. Failure to file timely and persuasive responses, or to show good cause supporting a request for additional time, will likely lead to the dismissal of this lawsuit.

<u>The Clerk of Court is directed to send a copy of this Order to each Plaintiff by certified U.S. Mail</u>.

Signed: April 9, 2012

David C. Keesler
United States Magistrate Judge