# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-033-RJC-DCK

| | |
|---|---|
| GLENN E. WATKINS and NICOLE S. CRAYTON, <br><br> Plaintiffs, <br><br> v. <br><br> CLERK OF THE SUPERIOR COURT FOR GASTON COUNTY, REBECCA RUDISILL, STEVEN YOUNG, ADVANTAGE REALTY & MANAGEMENT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NVR MORTGAGE, VICTORIA SPROUSE, COUNTRY WIDE MORTGAGE, BANK OF AMERICA, N.A., BAC HOME LOAN SERVICING, L.P., RONALD ODEYEMI, FREDDIE MAC, GASTON COUNTY SHERIFF DEPARTMENT AND UNKNOWN OFFICERS THEREOF, THE LAW FIRM OF BROCK AND SCOTT, P.A., and THE NORTH CAROLINA TRUSTEE SERVICE, INC., <br><br> Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants The Law Firm Of Brock And Scott, PA. (Also Named As Brock And Scott) And The North Carolina Trustee Service Inc.'s Motions To Dismiss..." (Document No. 20); "Defendant Gaston County Sherrif (sic) Department's Motion To Dismiss (Document No. 23); NVR Mortgage Finance, Inc.'s Motion To Dismiss..." (Document No. 27); "Motion To Dismiss Plaintiffs' Complaint By Defendants Freddie Mac, Bank Of America, N.A., Countrywide Mortgage, Mortgage Electronic Registration Systems, Inc., BAC

Home Loan Servicing, LP, And Ronald Odeyemi" (Document No. 34); Defendants Steven Young And Advantage Realty 7 Management's Motion To Dismiss" (Document No. 40); and the "Motion To Dismiss On Behalf Of Defendants Gaston County Clerk Of Courts And Rebecca Rudisill" (Document No. 57).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be granted.

## I. BACKGROUND

The instant lawsuit stems from a foreclosure action against Plaintiffs Glenn E. Watkins ("Watkins") and Nicole S. Crayton ("Crayton") (collectively "Plaintiffs"). The pertinent factual and procedural background is as follows.

On January 10, 2007, the Plaintiffs executed a promissory note in the amount of $358,000, payable to NVR Mortgage Finance, Inc. (the "Note"), to finance the purchase of certain property located in Gaston County, North Carolina. (Document No. 1, ¶¶4.1 - 4.4). Plaintiffs also executed a deed of trust, which listed NVR Mortgage Finance, Inc. as the lender and secured Plaintiffs' mortgage loan on the property. (Document No. 1, ¶4.4). Subsequent to the closing of Plaintiffs' mortgage loan, the Note was transferred to BAC Home Loans Servicing, LP ("BACHLS"). (Document No. 1, ¶4.44).

On October 4, 2010, BACHLS, by and through its Attorney in Fact, executed an "Appointment of Substitute Trustee" naming Trustee Services of Carolina, LLC, which has not been named as a defendant in this action, as substitute trustee under the Deed of Trust. (Document No. 20-1). The "Appointment of Substitute Trustee" recites that BACHLS was the holder of the Note,

2

and was recorded on December 23, 2010, in Book 4545, Page 1377 of the Gaston County Registry of Deeds. Id. On that same date, a "Notice of Hearing" was filed in the underlying foreclosure proceeding, in the Superior Court of Gaston County, North Carolina, 10 SP 2044, indicating that the Clerk of Superior Court of Gaston County would conduct a hearing pursuant to N.C.Gen.Stat. §45-21.16 on April 13, 2011 at 11:00 a.m. (Document No. 20-2). In this proceeding, the law firm of Brock & Scott, PLLC was counsel of record for Trustee Services of Carolina, LLC. (Document No. 21, p.4).

The hearing scheduled for April 13, 2011 was continued on multiple occasions. (Document No. 1, ¶4.56). It was eventually held on October 12, 2011. (Document No. 1, p.9). Defendants contend the hearing was held at 11:30 a.m., while Plaintiffs contend it was held at 10:00 a.m. Id.; (Document No. 20-3). On that occasion, Rebecca Rudisill, an Assistant Clerk of Superior Court for Gaston County, conducted a hearing and specifically found that each of the elements of N.C.Gen.Stat. §45-21.16 had been met. (Document No. 20-4). An Order was entered allowing a foreclosure sale of the subject property. Id. In addition, a Notice of Foreclosure Sale was filed, setting a foreclosure sale of the property described in the Deed of Trust for November 2, 2011 at 10:00 a.m. (the "Notice of Sale"). (Document No. 1, ¶4.60). The Notice of Sale provided that the foreclosure sale would occur at the courthouse door of the Gaston County courthouse. Id.

Foreclosure proceedings instituted by filing a notice of foreclosure instead of a complaint and summons are special proceedings. Phil Mechanic Construction Co. v. Haywood, 72 N.C. App. 318, 321 (1985). Foreclosure proceedings are held before the clerk of court in the county in which the real property is located. N.C.Gen.Stat. § 45-21.16(d). "In the event of an appeal, either party may demand that the matter be heard at the next succeeding term of the court to which the appeal is taken which convenes 10 or more days after the hearing before the clerk, and such hearing shall

take precedence over the trial of other cases...." N.C. Gen. Stat.§ 45-21.16(e). Defendant Rudisill is/was an assistant clerk; as such, she may exercise all of the duties and functions of the office of clerk. N.C.Gen.Stat. §7A-102(b). In presiding over foreclosure proceedings, she is a judicial official of the Superior Court Division of North Carolina's General Court of Justice. N.C.Gen.Stat. §7A-40.

Plaintiffs did not appeal the assistant clerk's October 12, 2011 Order, nor did they file a Superior Court action to enjoin the sale of the property pursuant to N.C. Gen. Stat. § 45-21.34. (Document No. 1). In fact, it does not appear that they attempted to obtain any relief whatsoever to prevent the sale of the property. Id.

Accordingly, a sale proceeded as scheduled. (Document No. 20-5). Bank of America, N.A., successor by merger to BACHLS, was the high bidder at the sale. Id. The sale was held open for ten (10) days, but no increased bids were filed. Id. On December 15, 2011, a substitute trustee's deed was recorded in Book 4589, Page 183 of the Gaston County Registry of Deeds, indicating, among other things, that Bank of America, N.A. as s/b/m to BACHLS had assigned its bid to Federal Home Loan Mortgage Corporation ("Freddie Mac"). Id. By virtue of the recorded "Substitute Trustee's Deed," Freddie Mac is purportedly now the record owner of the property described in the Deed of Trust. (Document No. 21, p.5) (citing Document No. 20-5). Id. A "Writ Of Possession" was issued on December 23, 2011 by the Assistant Clerk of Superior Court for Gaston County. (Document No. 20-6).

Plaintiffs' "Civil Rights Complaint Pursuant To 42 U.S.C. §1983 And Emergency Motion for Injunction And Or Motion To Set Aside Void Judgment" (Document No. 1) (the "Complaint") was filed on January 24, 2012. The Complaint sets forth that Plaintiffs seek an order from the Court "enjoining Defendants from dispossessing Plaintiffs and their minor children from their home at

4

3203 Bur Oak Drive, Gastonia, North Carolina. Or alternatively, enter a declaration finding that the judgment of foreclosure by the assistance clerk of the Superior Court was void for want of jurisdiction." (Document No. 1, pp.1-2). Plaintiffs' Complaint further purports to allege RICO violations, Fair Housing Act violations, "attorney malpractice negligence," and violations of 42 U.S.C. §§ 1981, 1983, and 1985. (Document No. 1, pp.20-25).

Each of the Defendants filed a motion to dismiss sometime between March 27, 2012 and May 31, 2012, with the exception of Defendant Victoria Sprouse. (Document Nos. 20, 23, 27, 34, 40, and 57).[1] On April 9, 2012, the undersigned issued an "Order" (Document No. 48) *sua sponte* advising Plaintiffs of their right to respond to motions to dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). That "Order" also admonished Plaintiffs to update the Court on their current address since several filings had been returned as "not deliverable as addressed." (Document No. 32) (quoting Brooks v. Donahue, 3:11-cv-50-RJC, 2012 WL 831919 at *1-2 (W.D.N.C. Mar. 12, 2012); see also, (Document No. 48) (same).

On April 23, 2012, the undersigned allowed Plaintiffs additional time to respond to the pending motions to dismiss. (Document No. 48). On May 31, 2012, the undersigned again allowed Plaintiffs' additional time to respond to the pending motions, and specifically ordered that "each Plaintiff shall separately file a **NOTICE** with the Court, on or before **June 6, 2012**, that unequivocally provides his or her current address. Failure to comply with this Order may lead to sanctions against either or both parties, including dismissal of the lawsuit." (Document No. 53).

---

[1] There is no indication in the record that Defendant Sprouse has received timely service of a summons and complaint pursuant to Fed.R.Civ.P. 4. "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

"Plaintiffs Combine Response To Each Defendants' Motion To Dismiss And Plaintiffs' Reply To Their Emergency Motion For Injunction And Or Motion To Set Aside Void Judgment" (Document No. 59) was filed on June 6, 2012. To date, neither Plaintiff has complied with the Court's order that they verify their current address. See (Document No. 53). Moreover, Plaintiffs have failed to file a response to the "Motion To Dismiss On Behalf Of Defendants Gaston County Clerk Of Courts And Rebecca Rudisill" (Document No. 57), and the time to do so has lapsed. See Local Rule 7.1(E).

The pending motions to dismiss are now ripe for review and recommendation for disposition to the presiding district judge.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992);

Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants' pending motions to dismiss are for the most part filed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), contending that as a threshold matter this Court lacks subject matter jurisdiction because Plaintiffs' suit attempts to challenge a final and binding order of the Clerk of

Superior Court for Gaston County, North Carolina, and in the alternative, that Plaintiffs fail to state claims upon which relief can be granted. (Document Nos. 20, 23, 27, 34, 40, and 57). Most of the motions include additional grounds for dismissal, but the undersigned finds that there is a sufficient basis for dismissal without addressing all of the parties' arguments.

**A. Jurisdiction**

Almost all Defendants' first argue that the Rooker-Feldman doctrine is applicable here and bars this Court from reviewing the underlying state court judgment.[2] (Document Nos. 20, 23, 34, 40, and 57). Defendants assert that this doctrine bars the exercise of federal court jurisdiction where the claims are "inextricably intertwined" with the claims adjudicated in state court. Relevant authority supports Defendants' argument, including the following:

> Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. The *Rooker-Feldman doctrine*, a corollary to this rule, prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) (per curiam). The Supreme Court has recently underscored that *Rooker-Feldman* is a "narrow doctrine." Id. It deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Formulated in this way, the doctrine forbids claims that "seek [ ] redress for an injury caused by the state-court decision itself" because they "ask[ ] the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir.2006). In other words, the doctrine applies "where a party in effect seeks to take an appeal of an

---

[2] The Rooker-Feldman doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Brumby v. Deutsche Bank, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010).

> unfavorable state-court decision to a lower federal court." Lance, 126 S.Ct. at 1202.

Adkins v. Rumsfeld, 464 F.3d 456, 463-64 (4th Cir. 2006). See also, Gatti v. Village of Lake Park, 3:04cv285-FDW, 2007 WL 1033364 (W.D.N.C. March 28, 2007).

The undersigned agrees that Plaintiffs' Complaint essentially seeks redress for injuries purportedly caused by some or all Defendants' involvement in a state court action, and the subsequent order of a North Carolina state court. Here, it is perfectly clear in the caption, and in the first paragraph of the Complaint, that Plaintiffs seek to enjoin, and/or void a judgment of the Superior Court of Gaston County, North Carolina. (Document No. 1, pp.1-2). As noted by Defendants, most of Plaintiffs' claims appear to turn on allegations directly related to the foreclosure action in the Gaston County court. As such, Plaintiffs effectively seek to appeal the determination of the Gaston County Superior Court to this Court, and invite this Court to reject the findings of the Superior Court.

The undersigned further agrees that this Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint under the Rooker-Feldman doctrine. The United States Supreme Court has declared that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-6, (1994) (citing, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). This bar applies not only to issues actually presented to and decided upon by a state court, but to constitutional claims that are "inextricably intertwined with" those questions ruled upon by a state court. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997), cert. denied, 524 U.S. 945 (1998). And it precludes federal review

not only of adjudications of a state's highest court, but also decisions of its' lower courts. Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997), cert. denied, 522 U.S. 1077 (1998).

As stated above, Plaintiff has the burden of proving subject matter jurisdiction exists, and the "existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiffs' response to the motion to dismiss (Document No. 59) fails to articulate a persuasive argument refuting Defendants' assertion that subject matter jurisdiction is lacking. Plaintiffs contend that "Defendants' reliance upon Rooker-Feldman is misguided" in this case. (Document No. 59, pp.24). The undersigned respectfully disagrees, and notes that this Court has frequently applied Rooker-Feldman to cases with similar facts. See McIntyre v. BAC Home Loans Servicing, L.P., 3:10-CV-089-RJC-DCK, 2010 WL 3911412 (W.D.N.C. June 30, 2010) *adopted by* 2010 WL 3922410 (W.D.N.C. Oct. 14, 2010); Bey v. Simpson, 3:11-CV-349-RJC-DCK, 2011 WL 7052789 (W.D.N.C. Nov. 28, 2011) *adopted by* 2011 WL 136247 (W.D.N.C. Jan. 18, 2012); and Jones v. Saxon Mortg. Services, Inc., 3:09cv425-RJC-DCK, 2010 WL 2629782 at *4 (W.D.N.C. June 28, 2010); Radisi v. HSBC Bank USA, 5:11CV125-RLV, 2012 WL 2155052 (W.D.N.C. June 12, 2012).

Plaintiff's Complaint clearly seeks redress for injuries allegedly caused by an order of a North Carolina state court. (Document No. 1). There appears to be no dispute that the basis for Plaintiffs' lawsuit is a state court foreclosure action. Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, consistent with the Rooker-Feldman doctrine, and recommends that dismissal is appropriate.

**B. Failure To State A Claim**

Next, the undersigned observes that each of Defendants' motions to dismiss asserts that dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(6). (Document Nos. 20, 23, 27, 34, 40, and 57). In short, Defendants contend that Plaintiffs have failed to sufficiently state facts to support plausible claims. The undersigned agrees.

As noted above, a complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1937, (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, even viewing the Complaint in the most favorable light and accepting the allegations as true, it does not plausibly support claims for RICO Act, Fair Housing Act, civil rights, or "attorney malpractice negligence" violations. (Document No. 1). At bottom, Plaintiffs unsuccessfully attempt to craft a federal lawsuit out of what is essentially an appeal of a state court foreclosure action. The undersigned will briefly address Plaintiffs' causes of action.

**1. RICO Act**

Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), based on alleged acts of wire fraud, mail fraud, and financial institution fraud. (Document No. 1, pp.21-23). RICO contains a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). To state a RICO claim, Plaintiffs must sufficiently plead each element of a RICO violation, including: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Plaintiffs must

11

allege "at least two acts of racketeering activity that form a pattern of racketeering activity." Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998).

Specifically, Plaintiffs must allege a "continuing pattern and relationship among the defendant[s'] activities showing they had the same or similar purposes" Id. (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)). Plaintiffs must also allege that they were "injured by reason of the pattern of racketeering activity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004) (internal quotations omitted). Additionally, "[i]n order to survive a motion to dismiss a RICO claim, a 'plaintiff must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b).'" Williams v. Equity Holding Corp., 245 F.R.D. 240, 243 (E.D. Va. 2007) (quoting Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989)). "Conclusory allegations that are not stated with particularity do not satisfy Rule 9(b)'s requirements." Id. at 244. The pattern requirement and heightened pleading standard for civil RICO claims ensure "that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions . . . ." Menasco, 886 F.2d at 683. "The H.J. Inc. Court reaffirmed that 'to prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.' . . . Thus, predicate acts must be part of a prolonged criminal endeavor." Id. (quoting H.J. Inc., 492 U.S. at 229.)

Defendants argue, and the undersigned agrees, that Plaintiffs have failed to allege sufficient factual matter to support a RICO claim. In particular, Plaintiffs have not demonstrated that a pattern of racketeering activity has occurred with sufficient specificity to survive a Rule 12(b)(6) motion, or that they were injured by the alleged RICO conspiracy. Plaintiffs' Complaint contains only

12

conclusory statements that certain of the banking Defendants' conduct constitutes illegal predicate acts. There are no facts alleged that create the "reasonable inference that defendant is liable for the misconduct alleged" as required by Iqbal. 129 S. Ct. 1937, 1949 (2009).

Plaintiffs have provided no allegations of the contents of the allegedly fraudulent wires and mailings, nor have they provided any facts indicating that the statements contained in the wires or mailings were untrue. Additionally, Plaintiffs have not alleged any specific "false or fraudulent pretenses, representations, or promises" made by Defendants, or how Defendants attempted to defraud a financial institution. Plaintiffs merely quote provisions of the United States Code in support of their claim for RICO violations. Plaintiffs have failed to plead the specificity required to demonstrate that the alleged predicate acts constitute a pattern of racketeering activity, and their claim must, therefore, be dismissed. See Williams, 245 F.R.D. at 244.

**2. Fair Housing Act**

In support of their claim for violations of the North Carolina State Fair Housing Act ("NCFHA") and Federal Fair Housing Act ("FHA"), Plaintiffs simply allege that Defendants attempted or conspired to "obstruct the rights of Plaintiffs and others to obtain fair and affordable housing, land and home ownership." (Document No. 1, p.24). Plaintiffs do not state which provisions of the NCFHA and FHA they allege the Defendants violated, much less how the Defendants violated either act, or even which Defendants allegedly committed the violations. (Document No. 1). A single sentence making the conclusory statement that the NCFHA and FHA were violated is insufficient to state a claim for which relief may be granted. See Iqbal, 129 S. Ct. at 1951–52. Therefore, Plaintiffs' claim must be dismissed pursuant to Rule 12(b)(6).

**3. Civil Rights Violations**

    **a. 42 U.S.C. § 1983**

Next, Plaintiffs have asserted that the Gaston County Clerk of Court, and the deputy clerks and/or assistant clerks of the Superior Court of Gaston County, and/or the Sheriff of Gaston County ("Gaston Co. Defendants"), did, or conspired to, and/or attempted to violate Plaintiffs civil rights, which resulted in Plaintiffs losing real property without due process of law and equal protection. (Document No. 1, p.24).

To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "A plaintiff alleging an Equal Protection violation actionable under §1983 must establish that the differential treatment it was afforded was intentional, not the result of mere negligence." C&H Company v. Richardson, 78 Fed.Appx. 894, 902 (4th Cir. Oct. 27, 2003).

> To succeed on an equal protection claim, Veney "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. To state an equal protection claim, Veney must plead sufficient facts to satisfy each requirement, . . . .

Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002).

The undersigned is not persuaded that Plaintiffs have made a sufficient showing that the Gaston County Defendants violated their rights pursuant to §1983. To the contrary, it appears that these Defendants acted in accordance with state law and procedures during any involvement they had with the underlying foreclosure action. Moreover, the Gaston County Defendants make compelling arguments that this action against them is barred by the Eleventh Amendment and or absolute immunity. See (Document No. 24, pp.5-7; Document No. 58, pp.7-9).

14

### b. 42 U.S.C. §§1981 and 1985

In order to state a claim under §1985, Plaintiffs must establish all of the following elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). A plaintiff must also show an actual agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Id. at 1377. Conclusory allegations of a conspiracy, in the absence of concrete supporting facts, are insufficient to state a claim. Id.

Plaintiffs allege that unspecified "Defendants" violated 42 U.S.C. §§ 1981 and 1985 by conspiring to, attempting to, and/or actually and fraudulently originating a mortgage, "unlawfully obtaining, seizing, transferring, releasing, and selling Plaintiffs' real property," appointing a substitute trustee "without standing to do so," conducting foreclosure proceedings "without standing before an administrative tribunal without lawful authority," and "obstructing Plaintiff's right to make and enforce a contract in the same manner as white citizens." (Document No. 1, p.24). Plaintiffs detail no specifics of when, where, how or why an alleged conspiracy occurred. These deficiencies of detail are fatal, as what remains are unsupported conclusions.

Likewise, 42 U.S.C. §1981 requires the underlying claim to have merit.

> §1983 is the 'exclusive federal remedy for violation of the rights guaranteed in §1981.'" Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir.1995) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). … [T]he requirements of section 1983 must therefore be satisfied for a section 1981 claim to prevail, id.

15

Alexander v. City of Greensboro, 762 F.Supp.2d 764, 781 (M.D.N.C. 2011).

To support a claim that individual acts by a defendant violated 42 U.S.C. § 1981, "each Plaintiff must allege that he or she is a member of a racial minority, that Defendants' discriminatory actions against that Plaintiff were because of his or her race, and that the discrimination was intentional." Id. at 791. (M.D.N.C. 2011) (citing Jordan v. Alt. Res. Corp., 458 F.3d 332, 345 (4th Cir. 2006)). Whether in the context of an alleged individual violation of 42 U.S.C. § 1981, or as part of an alleged conspiracy violating 42 U.S.C. § 1985, Plaintiffs are required to allege specific facts in their Complaint of discrimination on the part of the Defendants.

The threadbare allegations that Plaintiffs are each a "natural African American citizen" and that their "right to make and enforce a contract . . . in the same manner as white citizens" was obstructed by Defendants fails to demonstrate any discriminatory motive or act by Defendants individually, or as part of any alleged conspiracy. (Document No. 1, pp.2–3, 23). Likewise, Plaintiffs' vague allegations of discrimination fail to suggest that the alleged discrimination was intentional. Plaintiffs have simply failed to plead any facts whatsoever about any discriminatory motive or act by Defendants individually, or as part of any alleged conspiracy. Plaintiffs' conclusory allegations are again insufficient to satisfy the pleading standard set forth in Iqbal. Plaintiffs' claims against Defendants under 42 U.S.C. §§ 1981 and 1985 therefore fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

### 4. Attorney Malpractice Negligence

Plaintiffs' last claim targets "Defendant Brock and Scott" for "attorney negligent and legal/attorney malpractice" for initiating "unlawful foreclosure proceedings under the instructions of a person who was not the proper party in interest and before a tribunal with no authority to rule on default judgment." (Document No. 1, p.25). To maintain a claim for legal, or attorney

16

malpractice, Plaintiffs are required to plead: "(1) that the attorney breached the duties owed to his client, and that this negligence (2) proximately caused (3) damage to the plaintiff." Rorrer v. Cooke, 313 N.C. 338, 355 (1985) (citing Hodges v. Carter, 239 N.C. 517 (1954)).

In this case, Plaintiffs apparently never entered into or otherwise maintained an attorney/client relationship with Defendant Brock & Scott, PLLC, and Plaintiffs have not pled any facts alleging that such a relationship existed. (Document Nos. 1 and 21). Defendant Brock & Scott, PLLC contends that it only represented the Substitute Trustee, Trustee Services of Carolina, LLC, in the underlying foreclosure proceeding. (Document No. 21). Without an attorney/client relationship between Plaintiffs and Brock & Scott, PLLC, Plaintiffs cannot assert a claim for malpractice.

To the extent that Plaintiffs' claim is alleged against Brock & Scott, PLLC, and the claim is based on the common-law theory of negligence, Plaintiffs' claim still fails. To establish a prima facie case of negligence under applicable North Carolina law:

> a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury.

(Document No. 21, p.18) (quoting Bostic Packaging, Inc. v. City of Monroe, 149 N.C.App. 825, 830 (2002)). Plaintiffs have failed to allege any of the prima facie elements of a negligence claim in their Complaint, including the identification of a duty on the part of Brock & Scott, PLLC to Plaintiffs, or how Brock & Scott, PLLC breached any such duty. (Document No. 1). Similarly, Plaintiffs have failed to offer any evidence of damages, or allege any connection between such damages and the acts of Brock & Scott, PLLC. Id. Plaintiffs' claims appear to be based solely on a conclusory contention that "Brock & Scott initiated unlawful foreclosure proceedings."

17

(Document No. 1, p.24). Whether considered in light of attorney malpractice, or general negligence principles, Plaintiffs' "Attorney Malpractice Negligence" claim fails to state a claim upon which relief may be granted, and therefore this claim must be dismissed pursuant to Rule 12(b)(6).

**C. Failure To Prosecute**

Finally, as noted above, numerous filings in this case sent to Plaintiffs have been returned to the Court marked as "not deliverable as addressed," despite using the addresses provided by Plaintiffs. See (Document Nos. 11, 12, 16, 31, 38, 49). The undersigned has attempted to rectify this issue several times, with no success. An Order on April 23, 2012, included the following:

> The undersigned will therefore re-state the instructions offered in the Court's previous "Order" (Document No. 32). Plaintiffs are responsible for keeping the Court apprised of their contact information: "[a] pro se party whose e-mail address, mailing address, telephone or fax number has changed shall notify the Clerk of a change of address and serve a copy of the notice on all other parties." U. S. District Court for the Western District of North Carolina, "Administrative Procedures...", Section (I)(D)(4), (W.D.N.C. Dec. 1, 2009); see also, Narog v. Federal Nat. Mortg. Ass'n, 3:11-CV-429-RJC-DCK, 2012 WL 137401 (W.D.N.C. Jan. 18, 2012). This Court's expectation has also been clearly set forth in another recent decision:
>
>> This litigation cannot proceed if Plaintiff does not keep the Court and Defendant informed of his current address. Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:
>>
>>> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper

> venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

(Document No. 48, p.2) (quoting Brooks v. Donahue, 3:11-cv-50-RJC, 2012 WL 831919 at *1-2 (W.D.N.C. Mar. 12, 2012)). The undersigned ordered that "each Plaintiff shall file a **NOTICE** with the Court, on or before **April 30, 2012**, that unequivocally provides a current and viable address." (Document No. 48, p.3).

The undersigned addressed this issue again on May 31, 2012, and specifically ordered that "each Plaintiff shall separately file a **NOTICE** with the Court, on or before **June 6, 2012**, that unequivocally provides his or her current address. Failure to comply with this Order may lead to sanctions against either or both parties, including dismissal of the lawsuit." (Document No. 53). The undersigned directed the Clerk of Court to send copies of that Order to each Plaintiff at both of the addresses they had provided to date. Id. So far, Plaintiffs have failed to comply with these orders. (Document Nos. 32, 48, 53).

Based on the foregoing, the undersigned recommends that this action may also be dismissed pursuant to Fed.R.Civ.P. 41 for Plaintiffs' failures to prosecute and/or comply with orders of this Court. See Brooks v. Donahue, 3:11-cv-50-RJC, (Document No. 23) (W.D.N.C. March 29, 2012).

## IV. RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** that "Defendants The Law Firm Of Brock And Scott, PA. (Also Named As Brock And Scott) And The North Carolina Trustee Service Inc.'s Motions To Dismiss..." (Document No. 20); "Defendant Gaston County Sherrif (sic) Department's Motion To Dismiss (Document No. 23); NVR Mortgage Finance, Inc.'s Motion To Dismiss..." (Document No. 27); "Motion To Dismiss Plaintiffs' Complaint By Defendants Freddie Mac, Bank Of America, N.A., Countrywide Mortgage, Mortgage Electronic Registration Systems, Inc., BAC

19

Home Loan Servicing, LP, And Ronald Odeyemi" (Document No. 34); Defendants Steven Young And Advantage Realty 7 Management's Motion To Dismiss" (Document No. 40); and the "Motion To Dismiss On Behalf Of Defendants Gaston County Clerk Of Courts And Rebecca Rudisill" (Document No. 57) all be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: July 9, 2012

David C. Keesler
United States Magistrate Judge