UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-033-RJC

| | |
|---|---|
| GLENN E. WATKINS and ) | |
| NICOLE S. WATKINS ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CLERK OF SUPERIOR COURT ) | |
| FOR GASTON COUNTY, REBECCA ) | |
| RUDISILL, STEVEN YOUNG, ) | |
| ADVANTAGE REALTY & ) | |
| MANAGEMENT, MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., NVR MORTGAGE, ) | |
| VICTORIA SPROUSE, COUNTRY ) | |
| WIDE MORTGAGE, BANK OF ) | |
| AMERICA, N.A., BAC HOME LOAN ) | |
| SERVICING, L.P., RONALD ) | |
| ODEYEMI, FREDDIE MAC, ) | |
| GASTON COUNTY SHERIFF ) | |
| DEPARTMENT AND UNKNOWN ) | |
| OFFICERS THEREOF, THE LAW ) | |
| FIRM OF BROCK AND SCOTT, P.A. ) | |
| And THE NORTH CAROLINA ) | |
| TRUSTEE SERVICE INC., ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on defendants "The Law Firm of Brock and Scott, P.A" and "The North Carolina Trustee Service Inc.'s Motion To Dismiss" (Doc. No. 20); defendant Gaston County Sheriff's Department's motion to dismiss (Doc. No. 23); defendant NVR Mortgage Finance, Inc.'s motion to dismiss (Doc. No. 27); defendants Freddie Mac, Bank of America, N.A., Countrywide Mortgage, Mortgage Electronic Registration Systems, Inc., BAC Home Loan Servicing, LP, and Ronald Odeyemi's motion to dismiss (Doc. No. 34); defendants Steven Young

and Advantage Realty & Management's motion to dismiss (Doc. No. 40); defendants Gaston County Clerk of Courts and Rebecca Rudisill's motion to dismiss (Doc. No. 57) and the Magistrate Judge's Memorandum and Recommendation (Doc. No. 68). For the reasons stated below, the Court will **GRANT** the defendants' motion.

I.  BACKGROUND

Plaintiffs Watkins and Crayton petition this Court to enjoin or set aside a state foreclosure judgment entered against them. The relevant facts are these: On January 10, 2007 the plaintiffs executed a promissory note in the amount of $358,000 payable to NVR Mortgage Finance, Inc. ("the Note"), to finance the purchase of real property located in Gaston County, North Carolina. (Doc. No. 1, ¶¶ 4.1-4.4). Plaintiffs also executed a deed of trust, which listed NVR Mortgage Finance, Inc. as the lender and secured plaintiffs' mortgage loan on the property. (Doc. No. 1 ¶4.4). The Note was transferred to BAC Home Loans Servicing, LP ("BACHLS") after the closing of plaintiffs' mortgage loan. Id.

On October 4, 2010 BACHLS, by and through its Attorney in Fact, executed an "Appointment of Substitute Trustee" naming Trustee Services of Carolina, LLC (not a named party in this action) as substitute trustee under the Deed of Trust. (Doc. No. 20-1). The appointment instrument was recorded on December 23, 2010 in the Gaston County Registry of Deeds and recited that BACHLS was the holder of the Note. Id. On that same date, a "Notice of Hearing" was filed in Superior Court of Gaston County. The notice provided that the Clerk of Superior Court of Gaston County would conduct a hearing pursuant to N.C.Gen.Stat. § 45-21.16 on April 13, 2011 at 11:00 a.m. (Doc. No. 20-2).

Plaintiffs did not seek injunctive relief in state court against the pending foreclosure. (Doc.

No 1). The hearing was continued on multiple occasions and was eventually scheduled for October 12, 2011 at 11:30 a.m. (Docs. No. 1, ¶4.56; 22-3). Plaintiff Watkins contends that he arrived at 11:00 a.m. on October 12, 2011 to learn from Rebecca Rudisill, the Assistant Clerk of Superior Court for Gaston County, that the hearing had already concluded. (Doc. No. 1, ¶ 4.56). Mr. Watkins alleges that he retrieved his copy of the notice and showed it to Ms. Rudisill, who stated that she had reviewed all the papers, and that it "would not have made a difference" whether he had been there or not. (Doc. No. 1. ¶¶ 4.58-9). Ms. Rudisill specifically found that each of the elements of N.C.Gen.Stat. § 45-21.16 had been met. (Doc. No. 20-4). An Order was entered allowing a foreclosure sale of the subject property. Id. In addition, a Notice of Foreclosure Sale was filed, setting a foreclosure sale of the property described in the Deed of Trust for November 2, 2011 at 10:00 a.m. (the "Notice of Sale"). (Doc. No. 1¶4.60). The Notice of Sale provided that the foreclosure sale would occur at the courthouse door of the Gaston County courthouse. Id.

Plaintiffs did not appeal the decision by the clerk. (Doc. No. 1). Instead they arrived at the courthouse steps at 8:00 a.m. on November 2, 2011 to participate in the sale, but observed no activity. Id. Plaintiffs assert that they inquired in the Clerk's Office as to when the sale would take place and were informed that it had already taken place. (Doc. No. 1 ¶ 4.61). Plaintiffs contend that they had been outside the courthouse since 8:00 that morning and witnessed no activity relating to the sale of the property. (Doc. No. 1. ¶ 4.62). On November 4, 2011 defendant Young and others broke into plaintiffs' home, took property and changed the locks; however, upon receiving a telephone call from plaintiffs, they re-installed the previous locks and returned at least some of the property. On January 3, 2012 Mr. Young, accompanied by a Gaston County Deputy Sheriff, appeared at the plaintiffs' home without a court order and changed the locks, thereby preventing plaintiffs' access to the home.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," however, "do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III.   DISCUSSION**

Plaintiffs have articulated nine (9) objections, varying from general to specific, to encompass virtually the whole of the Magistrate Judge's findings and recommendations. A written objection to a magistrate judge's recommendations must identify the portion of the proposed findings or recommendations to which objection is made and state the basis for such objection. Opriano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Additionally, de novo renew is not necessary where a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations. See United States v. Mertz, 376 U.S. 192 (1964). Plaintiffs have forwarded the following objections with sufficient specificity to warrant de novo review from this Court: (1) that the Magistrate Judge lacked jurisdiction to enter such findings and recommendations; (Doc. 1 at 10), (2) that defendants' respective motions to dismiss under Rule 12 must be converted to motions for summary judgment under Rule 56 to which plaintiffs should be allowed to file a cross motion; (Id, at 10-11), (3) that the foreclosure proceeding did not constitute a judicial proceeding for the purposes of the Rooker-Feldman doctrine; (Id. at 11), (4) that the plaintiffs' Complaint should not be dismissed pursuant to Rule 12(b)(1); (Id.), (5) that the matters for consideration by the Magistrate Judge were not ripe for review; (Id.), and (6) that

5

plaintiffs' deed of trust did not contain a power of sale thereby depriving the clerk of jurisdiction (Id.). Accordingly, this Court reviews each of these issues de novo.

    A.    <u>Jurisdiction of Magistrate Judge</u>

The plaintiffs object to the jurisdiction of the Magistrate Judge as "proceeding without authority to proceed on dispositive issues." (Doc. No. 1 at 10). Under the Federal Magistrate Act, the jurisdiction of a magistrate may arise in one of three ways: (1) through the prior jurisdiction of a United States commissioner, 28 U.S.C. § 636(a); through referral by a district judge, 28 U.S.C. § 636(b); and (3) through the consent of the parties. 28 U.S.C. § 636(c). In this instance, the Magistrate Judge was referred under 28 U.S.C. § 636(b) (Doc. No. 68 at 2), which authorizes the Magistrate Judge to make only recommendations to the court. FED. R. CIV. P. 72(b). The authority to hear and make recommendations about dispositive motions is an authorized element of pretrial proceedings under 28 U.S.C. § 636(b)(1)(B) regardless of whether an order of reference expressly authorizes the Magistrate to do so. <u>See, e.g.</u>, <u>Appelgate v. Dobrovir, Oakes & Gebhart</u>, 628 F.Supp. 378, 381 (D.D.C. 1985); <u>Rosendale v. Lejeune</u>, 420 F.Supp. 2d. 315 (S.D.N.Y. 2006). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>See</u> <u>Matthews v. Weber</u>, 423 U.S. 261, 270-71 (1976). Consent is not required where the Magistrate Judge issues only a recommendation and not a final ruling on the dispositive motion in question. FED. R. CIV. P. 72(b); <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 579 (5th Cir. 2012). In the immediate instance, the Magistrate Judge had jurisdiction to issue a report consisting of his factual findings and recommendations.

    B.    <u>Whether the Court Should Consider the Motions Under Rule 56</u>.

A motion to dismiss tests "the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." Republican

6

Party of North Carolina v. Marttjin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied 510 U.S. 828 (1993). The Court presumes that all of the factual allegations in a plaintiff's complaint are true and makes all reasonable inferences in favor of the non-moving party. Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969). The Court is authorized to dismiss those counts for which recovery would be impossible even if all of the facts of the non-moving party were proved to be true. See Doby v. Safeway Stores, Inc., 523 F.Supp. 1162 (E.D.Va. 1981).

A motion under Rule 12(b)(6) differs from a motion challenging the subject matter jurisdiction of the court. In the former, a court is not allowed to consider facts outside of the complaint, while the latter allows the court to consider matters beyond the allegations of the complaint. In examining whether it possesses proper jurisdiction, the Court may consider evidence submitted for the purpose of demonstrating or refuting such jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

Plaintiffs specifically object to the inclusion of sixteen (16) exhibits by defendants and argue that the inclusion of such attachments effectively converts the motion to dismiss into one for summary judgment. (Doc. No. 77 at 11). However, in motions to dismiss, courts may consider documents whose authenticity is not disputed by the parties such as official public records, documents central to the plaintiffs' claim, and documents sufficiently referred to in the complaint. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Here, the attachments consist solely of documents cited to in the plaintiffs' original complaint or public documents such as published opinions of instant relevance. The defendants did not attach affidavits or other evidence extrinsic to the content of the complaints which would have converted the motion to one for summary judgment. In the immediate instance, the Court rightly considers the defendants' respective filings as motions to dismiss rather than for summary judgment.

7

C.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine generally prohibits lower federal courts from reviewing state court decisions. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of the Rooker-Feldman is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v, Public Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler, 129 F.3d at 731. A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks omitted).

Plaintiffs object that the foreclosure proceeding before the Clerk of the Superior Court is not a judicial act for the purposes of the Rooker-Feldman doctrine. This Court disagrees. Defendant Rudisill serves as assistant clerk and may exercise all of the duties and functions of the office of clerk. N.C.Gen.Stat. § 7A-102(b). In presiding over foreclosure proceedings, she is a judicial official of the Superior Court Division of North Carolina's General Court of Justice. N.C.Gen.Stat. § 7A-40. As directed by North Carolina law, the clerk considers evidence such as affidavits and certified copies of documents, and rules on several issues, including: whether the debt in question is valid; whether a party is in default of such debt; whether there is a right to foreclosure under the

8

instrument; and whether proper notice was provided.  N.C.Gen.Stat. § 45-21(d) (2010).  Each of these duties requires independent analysis and comprises a judicial act.  Most significantly, the intent of the North Carolina legislature is clear in qualifying the clerk's duties as judicial: "[t]he act of the clerk in so finding or refusing to find is a judicial act and may be appealed to the judge of the district or superior court at any time within 10 days after said act."  N.C.Gen.Stat. § 45-21.16(d1) (2010).

The Plaintiffs allege that the deputy clerk, in failing to provide the plaintiffs with an opportunity to be heard, entered a judgment erroneously against plaintiffs.  This Court recognizes the well-established right of parties to have a hearing prior to the deprivation of their property.  ("[A]n individual [must] be given an opportunity for a hearing before he is deprived of any significant property interest." Boddie v. Connecticut, 401 U.S. 371, 379 (1971)) .  Nonetheless, the judgment at issue here, entered after procedures alleged to be unconstitutional, remains a state court judgment and is barred from review by this Court.  See GASH Associates v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir. 1993).  Therefore, this Court declines to consider whether, for the purposes of due process, the availability of injunctive relief prior to the hearing constitutes a sufficient opportunity in the absence of a proper hearing.  To address such questions requires proper subject matter jurisdiction, which in this case belongs to the appellate courts of the State of North Carolina.  The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state.  Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) (finding that Rooker-Feldman did not bar a claim where there was no mechanism through which the plaintiff could obtain resolution through the state court).

Plaintiffs had several opportunities to challenge the foreclosure through state court.  The notice and hearing required by N.C.Gen.Stat. § 45-21.16 were designed specifically to enable the

9

mortgagor to utilize injunctive relief available from state courts prior to the hearing by the clerk. For post-hearing remedies, the statute provides that the judgment of the clerk may be appealed within ten (10) days to a state court judge. The statute limits the court of appeals to a de novo review of the four findings of the clerk (to find the existence of a "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled...") In re Watts, 38 N.C. App. 90, 94 (1978). "The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34." Mosler v. ex. rel. Simon v. Druid Hills Land Co., 199 N.C. App. 293, 296 (2009) (quoting Watts, 38 N.C. App. at 94). The limited scope of review by the North Carolina appellate courts immaterial here as these findings encompass the core of plaintiffs' claims that the foreclosure process was applied erroneously. In the immediate instance, the plaintiffs declined to seek injunctive relief prior to the hearing or appellate review following the hearing. Opportunities to obtain both measures, however, were clearly available had plaintiffs so sought.

D.     Recommendation to Dismiss Under FRCP 12(b)(1)

Congress has vested the United States Supreme Court with authority to review state court judgments in 28 U.S.C. § 1257(a). In contrast, Congress limited federal district courts to exercise only "original jurisdiction." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000). The purpose of Rooker-Feldman is to preserve "a fundamental tenant in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court." Am. Reliable Ins. Co. v Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (citing Plyer, 129 F.3d at 731). Here, the proper avenue for recourse for the plaintiffs is through the state appellate system and, if failing, to petition the United States Supreme Court.

10

For plaintiffs to succeed on their claims, this Court would have to find that the state court judgment was erroneously entered and must take some action to render the judgment ineffectual. This is precisely what the Rooker-Feldman doctrine prohibits. That plaintiffs fashion their attack on the state court judgment under federal statutes does not grant this Court jurisdiction where the claims amount to the functional equivalent of an appeal from the state court decision. See Id. Here, each of the plaintiffs complaint is "inextricably intertwined" with the state court judgment. The complaints effectively request this Court to address whether the debt was valid, whether defendants possessed the right to foreclose upon such debt, and whether the procedures employed by the state court were in contravention of plaintiffs' constitutional rights. Rooker-Feldman is a jurisdictional doctrine. Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002). Where it applies, as in this case, the district court lacks subject matter jurisdiction to hear the case.

Finally, even if Plaintiffs' claims were not barred by Rooker-Feldman, the doctrine of res judicata, or claim preclusion, would preclude the hearing of Plaintiffs' claims by this Court. The Full Faith and Credit Statute directs federal courts to accord the same preclusive effect to a state court judgment as another court of that state would give. 28 U.S.C.§ 1738. In such cases, parties are barred "from retrying fully litigated issues that were decided in any prior determination, even when the claims asserted are not the same." McCallum v. N.C. Coop. Extension Serv., 142 N.C. App. 48, 51 (2001).

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's findings that plaintiffs' claims were barred by the Rooker-Feldman doctrine and should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

E.   Ripeness

Plaintiffs object that the matters before the Magistrate Judge and addressed in his report were

not ripe for review. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). In the immediate instance, plaintiffs have failed to allege facts to suggest the existence of any future events whose outcome might affect the instant proceeding or render them not ripe for adjudication.

F.   Attorney Malpractice Claim

To the extent that plaintiffs' claim against defendant Brock & Scott could be adjudicated as an independent claim not inextricably intertwined with the judgement of the state court, this Court declines to exercise jurisdiction. 28 U.S.C. § 1367(c) allows a district court to decline to exercise supplemental jurisdiction over a state law claim where the court has dismissed all claims over which it has original jurisdiction. Accordingly, the Court declines to exercise such jurisdiction over the attorney malpractice claim and any other state claims identified in the complaint.

G.   Plaintiffs' Deed of Trust

Plaintiff objects that the deed of trust did not contain a power of sale and therefore the clerk acted without jurisdiction. Although this finding is nowhere expressly stated in the Magistrate Judge's findings and recommendations, this Court, under the Rooker-Feldman doctrine discussed supra, does not possess the jurisdiction to review the substantive merit of the decision reached by the state court.

**IV.   CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the findings of fact and conclusions of law contained in the Magistrate Judge's Recommendation.

**IT IS, THEREFORE, ORDERED** that Defendants Motion to Dismiss is **GRANTED**, with prejudice, as to the each of the federal claims brought forth in the plaintiffs' complaint. As to any

12

remaining state-law claims, this Court **DECLINES TO EXERCISE JURISDICTION.**

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

13